Annie M. Woolley et al., Appellants, *v.* Francis B. Baldwin, Respondent.

A failure upon the part of a county treasurer to collect a bond and mortgage in his hands as such, is not alone sufficient to create a liability against him, facts must be shown establishing a neglect of duty on his part.

(Submitted March 4, 1886 ; decided March 23, 1886.)

THIS action was brought to recover damages for a failure on the part of defendant to collect a bond and mortgage, which defendant, as county treasurer, received from his predecessor in office.

The complaint was demurred to, and defendant had judgment upon the demurrer.

The following is the *mem.* of opinion:

"The appellants claim that the complaint shows gross negligence on the part of the defendant as trustee, in not enforcing prompt payment of the interest, or else foreclosing the mortgage at once.

" The complaint shows that when the defendant came into office as county treasurer, in 1879, he received, as such, a bond and mortgage of $5,000, in which the plaintiffs, as infants, were interested to the extent of $3,775.90 ; that the interest thereon was in arrears from November 1, 1876, and that although the property had greatly depreciated in value and was worth less than the amount of the mortgage, and although the mortgagor was insolvent, the defendant collected no interest on the mortgage and did not commence a foreclosure on the same until May, 1880. The complaint also alleged that the mortgage was due May 1, 1877, and further, that upon the foreclosure sale the property was sold for $1,105, of which the plaintiffs received $454.74, leaving a balance of $4,435.67 due them. It contained no averment that the defendant had any knowledge as to the value of the property or of the insolvency of the mortgagor.

" The question then is, whether the delay in commencing the foreclosure for sixteen months after he came into office, when two years interest was due thereon when he took his office, renders the defendant liable, without alleging in the complaint that he was chargeable with negligence in not ascertaining the value of the property, the insolvency of the mortgagor, and in omitting to foreclose the mortgage.

" Not alleging the facts or any of them renders the complaint defective in not showing on its face that the defendant was chargeable with a neglect of duty. As it stands, it does not charge negligence, but merely avers a failure to collect,

which, of itself, is insufficient to create a liability on the part of the defendant and makes out no cause of action.

"The judgment should be affirmed with leave to the plaintiff to amend on payment of costs."

*Horace Secor, Jr.*, for appellants.

*John J. Armstrong* for respondent.

*Per Curiam mem.* for affirmance.

All concur.

Judgment affirmed.