Barnard, P. J.
There was no evidence to justify charging the executor with the Roble mortgage. It was a second mortgage, and was given to the testator in his life-time. The first mortgage was foreclosed, and the property did not bring enough to pay this. The executor pushed the mortgagor, and did get some money from him, on account of interest, but the security was bad and could not be forced, and the executor did wisely in refraining from attempting it by foreclosure. Judging from the result of the foreclosure of the first mortgage, these acts should mitigate the rule that a failure to collect is a devastavit. The evidence is still more unsatisfactory in respect to the Clinton B & M. There was only a small balance due on this security. This property was sold under a first mortgage, and did not bring sufficient to pay it.
Judgment was obtained on the Roble bond, and that failed to realize anything upon full inquiry in supplementary proceedings. Ro evidence whatever was given to impeach, contradict or vary this evidence, A failure to collect is not alone sufficient to charge an executor with neglect of duty. Woolley v Baldwin, 101 N. Y., 688
The evidence is fully sufficient to justify the expenditure for repairs in the Knit street property. It was out of repair. “ It was barely inhabitable “nobody could live in them.” The land, and the money put on it, belonged to the same person, and it is plain that the value of the realty was increased to a greater extent than the money put on it. Even assuming that an order to make the repairs before they were made would have been proper, a judicious expenditure should not be cast upon the executor for a mere form. f the act was done in good faith, and for the benefit of the estate, as well approve of it as if the approval was given beforehand. There are other questions in the 'case which are or may be raised upon a new trial. The finding of neglect being unsupported by evidence, the question of commissions need not be passed upon further than to say that double commissions were not proper. The case seems to be the same as Johnson v. Lawrence, 95 N.,Y., 154.
The decree should be reversed, and a new trial granted with cost to executor out of estate.
Dykman, J., concurs.